IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| FREDERICK SUTHERLAND, | : |
| Plaintiff, | : CIVIL ACTION |
| | : NO.: 3:16-CV-00182-FDW-DSC |
| v. | : |
| SUN LIFE ASSURANCE COMPANY OF CANADA, | : |
| Defendant. | : |

**CONFIDENTIALITY STIPULATION AND ORDER**

It is hereby stipulated and agreed, by and between the attorneys for the respective parties, as follows:

1. This Stipulation and Order governs the handling of information defined in paragraph 2 hereof as "Confidential Discovery Material" that is produced in connection with this litigation by Defendant, Sun Life Assurance Company of Canada.

2. For purposes of this Stipulation and Order, Confidential Discovery Material shall include any documents or information produced by Sun Life in response to Plaintiff's discovery requests which are deemed proprietary or otherwise confidential and marked as Confidential, including but not limited to: Sun Life's CLAIMS MANUAL, which CLAIMS MANUAL is being produced subject to this Agreement and its pages have been Bates labeled ConfProd001 to ConfProd006 for identification. Should additional confidential materials become subject to production, said documents shall be similarly Bates labeled with consecutive numbers.

3. Except as otherwise provided herein, all Confidential Discovery Material shall be deemed to be confidential and may be used by the persons receiving it only for the purpose of preparing for and conducting pre-trial and trial proceedings, for motions and court papers, and appeals, if any in this action and for no other purpose.

4. Except as otherwise provided herein and except as may be required by law, Confidential Discovery Material may be disclosed by the parties or their attorneys only to the following persons and only after full compliance with paragraph 5:

(a) attorneys appearing as counsel of record for any party or attorneys retained in any capacity to assist in the litigation;

(b) employees or agents of counsel of record for any party to assist in the preparation of this litigation;

(c) consultants or experts retained by any party in connection with this litigation, to the extent deemed necessary by each counsel of record for the prosecution or defense of this litigation;

(d) stenographers or court reporters in connection with the reporting of sworn testimony;

(e) the Court, if filed or introduced pursuant to paragraph 8; and

(f) any person if authorized in writing by the party producing the confidential discovery material.

5. Any person given access to any Confidential Discovery Material (except for the parties and their counsel of record, who shall be deemed bound by this Stipulation and Order, and except for persons referred to in paragraphs 4(d) and 4(e) of this stipulation)

shall, prior thereto, be provided with a copy of this Stipulation and Order and shall execute an affidavit in the same form and with the same content as the affidavit and annexed hereto as Exhibit A. A copy of each such executed affidavit shall be delivered to counsel of record for the other parties promptly after its execution.

6. The parties, their counsel and other persons given access to Confidential Discovery Material pursuant to this Stipulation and Order shall only make such copies of Confidential Discovery Material as may be reasonably necessary for the preparation of pre-trial proceedings, motions, court papers, trial or appeal. Any copies made shall be held as Confidential Discovery Material and shall be destroyed promptly after they are used or, in the alternative, returned to the party that produced it.

7. Notwithstanding any provision herein, any party may use Confidential Discovery Material in the taking of depositions of parties or non-parties or at the trial; provided, however, that the party producing the confidential discovery material may designate in writing any portion of the transcript of any deposition at which reference is made to such Confidential Discovery Material as "Confidential" in which case such paper shall be subject to the same restrictions as the documents themselves.

8. Confidential Discovery Material may be referred to in motions, briefs, and other court papers in this action, provided that unless the party producing the Confidential Discovery Material otherwise agrees in writing prior to such reference, no such documents, nor any portion thereof, nor any information contained therein shall be used for any of these purposes unless the paper in which it is used is appropriately marked "Confidential" and, if filed, is filed under seal with the Clerk, to the extent permissible under applicable court rules and procedures.

9. Nothing herein shall operate as an admission by any patty that any particular Confidential Discovery Material is, or is not, admissible and evidence in this action.

10. Upon final determination of this action, including appeals, if any, each person in possession of documents, or copies thereof, constituting confidential discovery material shall assemble and return such documents or copies thereof to the party that produced it.

11. Any person desiring relief from the provisions herein or further protection with respect to discovery may, if agreement cannot be reached, upon ten days notice to counsel of record for each respective party to this action, seek appropriate relief from the Court.

**SO ORDERED**.

Signed: September 1, 2016

_____
David S. Cayer
United States Magistrate Judge

|  |  |
|---|---|
| By: _____<br>J. Lynn Bishop, Esquire<br>101 North McDowell Street, Suite 206<br>Charlotte, NC 28204<br>704.376.7461 / 704.335.1899 (f)<br>Attorneys for Plaintiff,<br>Frederick Sutherland | WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP<br><br>By: _____<br>Hannah Symonds, Esquire<br>260 Franklin Street, 14th Floor<br>Boston, MA 02110<br>215.627.6900 / 215.627.2665 (f)<br>Attorneys for Defendant, Sun Life Assurance Company of Canada |

**EXHIBIT "A"**

1169936v.1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA (CHARLOTTE)

|  |  |
|---|---|
| FREDERICK SUTHERLAND, | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : NO.: 3:16-CV-00182-FDW-DSC |
| SUN LIFE ASSURANCE COMPANY OF CANADA, | : |
| Defendant. | : |

**AFFIDAVIT**

_____, being sworn, deposes and states as follows:

I understand that I am being given access to documents, information or other Confidential Discovery Material pursuant to a Confidentiality Stipulation and Order in the above-captioned action. I have read the Confidentiality Stipulation and Order and agree to be bound by its terms.

_____

Subscribed and sworn to before me this

_____ day _____, 20\_\_.

_____
Notary Public

1169936v.1